# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JIMMY LEWTER, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

CASE NO: 10-CV-2390 W (WVG)

**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE [DOC. 7]**

On November 19, 2010, Plaintiffs Jimmy Lewter and Theresa Cox Lewter filed this lawsuit against Defendant United States of America. On February 2, 2011, Defendant answered. On February 23, 2011, Plaintiffs filed this motion to strike portions of Defendant's answer. Defendant opposes the motion.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **DENIES** Plaintiffs' motion to strike. (Doc. 7.)

## I. BACKGROUND

On November 4, 2009, Justin Kyle Lewter, a lance corporal in the U.S. Marine Corps, was stopped in his personal vehicle at the intersection of Las Pulgas Road and Basilone Road on Camp Pendleton. (*Compl.* ¶ 12 [Doc. 1].) Marine Chad Edward Thomas Jr. turned left at the intersection while driving a Humvee and hit Lewter's car. (*Id.* ¶ 13.) The Humvee crushed the driver's side compartment of Lewter's car when it came to rest on top of it. (*Id.* ¶ 14.) Lewter was pronounced dead on the scene. (*Id.* ¶ 17.)

On November 19, 2010, Plaintiffs filed a civil action in this Court asserting seven causes of action against Defendant individually and as successors in interest. The complaint included claims for: (1) negligence; (2) negligence per se; (3) negligent entrustment; (4) negligent design; (5) negligent maintenance/upkeep; (6) wrongful death; and (7) survival.

On February 2, 2011, Defendant answered, claiming sixteen affirmative defenses. On February 23, 2011, Plaintiffs filed a motion to strike Defendant's fourteenth affirmative defense, that the action is barred by the Feres doctrine, and fifteenth affirmative defense, that Defendant is immune from liability by an express statutory exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a). Defendant opposes the motion.

## II. STANDARD

Rule 12(f) provides that a federal court may strike from the pleadings any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial. Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983); Chong v. State Farm Mut. Auto. Ins. Co., 428 F. Supp. 2d 1136, 1139 (S.D. Cal. 2006). As a general matter,

> [m]otions to strike affirmative defenses are disfavored. Before a motion to strike defenses may be granted, "the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed."

Levin-Richmond Terminal Corp. v. Int'l Longshoremen's & Warehousemen's Union, Local 10, 751 F. Supp. 1373, 1375 (N.D. Cal. 1990) (quoting Systems Corp. v. Am. Tel. & Tel. Co., 60 F.R.D. 692, 694 (S.D.N.Y. 1973)).

## III.   DISCUSSION

### A.   Striking Defendant's Fourteenth Affirmative Defense Is Improper.

The Federal Tort Claims Act is a limited waiver of sovereign immunity, allowing plaintiffs to sue the United States in federal court "in the same manner and to the same extent as a private individual" for most tort claims. 28 U.S.C. § 2674. However, in Feres v. United States, 340 U.S. 135, 146 (1950), the Supreme Court held that "the [g]overnment is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." In Johnson v. United States, 704 F.2d 1431, 1436-41 (9th Cir. 1982), the Ninth Circuit provided four factors to consider when determining whether Feres bars an action: (1) the place where the negligent act occurred; (2) the plaintiff's duty status when the negligent act occurred; (3) the benefits accruing to the plaintiff because of his status as a service member; and (4) the nature of the plaintiff's activities at the time of the negligent act. The Ninth Circuit has cautioned that none of the factors is individually dispositive; rather, the factors encourage an examination of the "totality of the circumstances" of the case. Costo v. United States, 248 F.3d 863, 867 (9th Cir. 2001). Thus, the factors should not be "blindly applied," and proper analysis requires a careful examination of the facts of the individual case. Johnson, 704 F.2d at 1436.

In this case, Defendant asserts in its fourteenth affirmative defense that the action is barred by the Feres doctrine. Plaintiffs move to strike this defense arguing that

Defendant has not sufficiently established facts to support the application of the Feres doctrine to this case. However, striking this defense would be improper.

Rule 8(b) requires that a party's response to a pleading "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Defendant has pled its defense sufficiently to give Plaintiffs fair notice, as evidenced by the detailed analyses of the Federal Tort Claims Act, the Feres doctrine, and the Johnson factors in both their motion to strike and reply. (*Pls.' Mot.* 3:24–8:14 [Doc. 7]; *Pls.' Reply* 4:8–7:2 [Doc. 10].) Also, Defendant's defense is not redundant, immaterial, impertinent, or scandalous. See Fed. R. Civ. P. 12(f). The defense is not asserted elsewhere in the answer, and it is directly related to the litigation.

Furthermore, issues of fact remain. Plaintiffs allege that the decedent was off-duty at the time of his death, and thus the Feres doctrine should not bar their claim. (*Compl.* ¶ 12.) However, Defendant contends that there is no evidence that Lewter was off-duty when he died, as "[t]here is no proof that [Lewter] had the day off, was on leave, or liberty, or sick in quarters." (*Def.'s Opp'n* 5:20–26 [Doc. 9].) This factual issue is relevant to several factors of the Johnson test, particularly the second factor (concerning Lewter's duty status at the time of the incident) and the fourth factor (concerning Lewter's activities at the time of the incident). Thus, whether Lewter was on- or off-duty at the time of his death is highly relevant to a determination of whether the Feres doctrine bars Plaintiffs' claim. Therefore, it is not clear that no set of circumstances exists under which Defendant's defense could succeed.

Accordingly, striking Defendant's fourteenth affirmative defense is improper. Plaintiff's contention that the defense fails as a factual or legal matter may be raised if Defendant raises the defense by motion or at trial.

//
//
//
//

**B.   Striking Defendant's Fifteenth Affirmative Defense Is Improper.**

The discretionary function exception to the Federal Tort Claims Act states:

> The provisions of this chapter . . . of this title shall not apply to . . . [a]ny claim based upon an act or omission of an employee of the [g]overnment, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the [g]overnment, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). In Berkovitz v. United States, 486 U.S. 531, 536-37 (1988), the Supreme Court set out a two-part test for determining whether the discretionary function exception applies. First, "the discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," as then the employee's actions are not discretionary. Id. at 536. Second, if the "conduct involves an element of judgment," it must be determined "whether that judgment is the kind that the discretionary function exception was designed to shield," i.e., "legislative and administrative decisions grounded in social, economic, and political policy." Id. at 536-37.

In this case, Defendant asserts in its fifteenth affirmative defense that it is immune from liability by express statutory exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a). Plaintiffs move to also strike this defense. However, striking this defense would also be improper.

Plaintiffs clearly have been put on fair notice, as evidenced by their thorough treatment of the discretionary function exception in their reply to Defendant's opposition to the motion to strike. (*Pls.' Reply* 7:3–9:6.) Defendant's fifteenth affirmative defense is also not redundant, immaterial, impertinent, or scandalous, as the defense is related to the litigation and not addressed elsewhere in Defendant's answer.

Furthermore, on the record before this Court, it is not clear that there is no set of circumstances under which the defense could succeed. For example, Plaintiffs claim that the maintenance of a premises, such as the intersection at issue in this lawsuit, is not shielded by the discretionary function exception. (*Pls.' Reply* 8:6–9:6.) However,

Defendant argues that the performance of discretionary duties involved in maintaining safety can subject such actions to the discretionary function exception. (*Def.'s Opp'n* 6:16-7:2.) If Defendant's contentions are correct, it is possible for its defense to succeed. Thus, the Court cannot determine as a matter of law that the discretionary function exception is inapplicable to this case.

Accordingly, striking Defendant's fifteenth affirmative defense is improper. Again, Plaintiff's contention that the defense fails as a factual or legal matter may be raised if Defendant raises the defense by motion or at trial.

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Plaintiffs' motion to strike. (Doc. 7.)

**IT IS SO ORDERED.**

DATED: June 6, 2011

Hon. Thomas J. Whelan
United States District Judge